Exhibit A



**BASSFORD REMELE**

**Mark R. Bradford**
Attorney

612.376.1667
612.746.1267 fax

mbradford@bassford.com

September 3, 2021

<u>***VIA CERTIFIED MAIL***</u>
AIG Specialty Insurance Company
175 Water Street
New York, N.Y. 10038

Re:    *Richard Enrico v. AOM Holdings, LLC*
        Minnesota Court File No. 27-CV-20-5065

Dear Sir or Madam:

Enclosed herewith and served upon you, via Certified Mail, please find the following:

1.    Garnishment Summons;
2.    Two copies of a Non-earnings Garnishment Disclosure Form;
3.    Exemption Notice; and
4.    Affidavit of Service.

Thank you for your assistance and cooperation in this matter.  If you have any questions, please feel free to contact me at (612) 376-1667.

Respectfully,

Mark R. Bradford

/MRB
Encl.

cc:    Richard D. Snyder, Esq. (w/ Encl.)

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Richard Enrico,

     Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,

     Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

     Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward Wahl

**NON-EARNINGS GARNISHMENT
SUMMONS**

**Judgment Amount: $3,000,000.00
Unpaid Balance: $3,000,000.00
Judgment Entered: July 12, 2021**

---

THE STATE OF MINNESOTA TO THE ABOVE-NAMED GARNISHEE:

YOU ARE HEREBY SUMMONED and required to serve upon the Creditor's attorney and on the Debtor within **20 days** after service of this Garnishment Summons upon you, a written disclosure of the nonexempt indebtedness, money, or other property due or belonging to the Debtor in the above-referenced matter:

**AOM Holdings, LLC,** whose last known mailing address is:
**16355 36th Avenue N., Suite 700, Plymouth, Minnesota 55446**

and owing by you or in your possession or under your control. However, if the garnishment is on earnings and the Debtor has garnishable earnings, you shall serve the completed disclosure form on the Creditor's attorney, within ten days of the last payday to occur within the 70 days after the date of the service of this garnishment summons. "Payday" means the day which you pay earnings in the ordinary course of business. If the Debtor has no regular paydays, "payday" means the 15th day and the last day of each month.

Your disclosure need not exceed 110 percent of the amount of the Creditor's claim that remains unpaid.

You shall retain garnishable earnings, other indebtedness, money, or other property of the Debtor in your possession or under your control, in an amount not to exceed 110 percent of the Creditor's claim until such time as the Creditor causes a writ of execution to be served upon you, until the Debtor authorizes you in writing to release the property to the Creditor, until the Creditor authorizes release to the Debtor, upon court order, or by operation of law.

After expiration of the period of time specified in Minn. Stat. § 571.79 from the date of service of the garnishment summons, in this case, 180 days, your retention obligation automatically expires.

An assignment of wages made by the Debtor within ten days before the service of the first garnishment summons on a debt is void and any indebtedness to the garnishee incurred with ten days before the service of the first garnishment summons on a debt may not be set off against amounts otherwise subject to the garnishment.

## EARNINGS

In the event you are summoned as a garnishee because you owe "earnings" (as defined in the Earnings Disclosure form attached to this Garnishment Summons, if applicable) to the Debtor, then you are required to serve upon the Creditor's attorney, a written Earnings Disclosure form within the time limit set forth above.

In the case of earnings you are further required to retain in your possession all unpaid nonexempt disposable earnings owed or to be owed by you and earned or to be earned to the Debtor within the pay period in which this garnishment summons is served and within all subsequent pay periods whose paydays (defined above) occur within the 70 days after the date of service of this garnishment summons.

Any assignment of earnings made by the Debtor to any party within ten days before the receipt of the first garnishment on a debt is void. Any indebtedness to you incurred by the Debtor within the ten days before the receipt of the first garnishment on a debt may not be set off against amounts otherwise subject to the garnishment.

You are prohibited by law from discharging or disciplining the Debtor because the Debtor's earnings have been subject to garnishment.

This Garnishment Summons includes:

       Earnings garnishment (see attached Earnings Disclosure form)

(X)    Non-earnings garnishment (see attached Non-earnings Disclosure form)

       Both Earnings and Non-earnings garnishment
       (see both attached Earnings and Non-earnings Disclosure forms)

## NOTICE TO DEBTOR

A Garnishment Summons and Notice to Debtor, two copies of a Non-Earnings Disclosure Form and Worksheet, and an Affidavit of Service, copies of which are hereby served on you, were served upon the Garnishee by delivering copies to the Garnishee. The Garnishee was paid $15.

**BASSFORD REMELE**
*A Professional Association*

Dated:  September 3, 2021

By _____
Mark R. Bradford (#535940)
100 South Fifth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com

and

John Harper III (#41397)
Joshua A. Hasko (#303471)
**MESSERLI & KRAMER, P.A.**
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
jharper@messerlikramer.com
jhasko@messerlikramer.com

*Attorneys for Plaintiff-Garnishor Richard Enrico*

STATE OF MINNESOTA                                    DISTRICT COURT

COUNTY OF HENNEPIN                           FOURTH JUDICIAL DISTRICT

Richard Enrico,                                    Court File No. 27-CV-20-5065
                                                      Judge: Edward Wahl
        Plaintiff / Judgment Creditor,

v.

                                             **Judgment Amount: $3,000,000.00**
AOM Holdings, LLC,                           **Unpaid Balance: $3,000,000.00**
                                             **Judgment Entered: July 12, 2021**
        Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

        Garnishee.

---

## NON-EARNINGS GARNISHMENT DISCLOSURE FORM

On the _____ day of _____, 201__, the time of service of the Garnishment Summons herein, there was due and owing the Debtor from the third party the following:

(1) Money. Enter on the line below any amounts due and owing the Debtor, except earnings, from the garnishee.

_____

(2) Property. Describe on the line below any personal property, instruments, or papers belonging to the Debtor and in the possession of the garnishee.

_____

(3) Setoff. Enter on the line below the amount of any setoff, defense, lien, or claim which the third party claims against the amount set forth on line (1) above. State the facts by which the setoff, defense, lien, or claim is claimed. (Any indebtedness to a third party incurred by the Debtor within ten days before the receipt of the first execution levy on a debt is void as to the judgment creditor.)

_____
_____
_____

(4) Exemption.  Enter on the line below any amounts or property claimed by the Debtor to be exempt from execution.

_____
_____

(5) Adverse Interest.  Enter on the line below any amounts claimed by other persons by reason of ownership or interest in the Debtor's property.

_____

(6) Enter on the line below the total of lines (3), (4), and (5).

_____

(7) Enter on the line below the difference obtained (never less than zero) when line (6) is subtracted from the amounts on lines (1) and (2).

_____

(8) Enter on the line below 110 percent of the amount of the judgment creditor's claim which remains unpaid.

_____

(9) Enter on the line below the lesser of line (7) and line (8).  You are hereby instructed to retain this amount only if it is $10 or more.

_____

## AFFIRMATION

I, _____, (person signing Affirmation) am the Garnishee or I am authorized by the Garnishee to complete this Non-Earnings Disclosure, and have done so truthfully and to the best of my knowledge.

Dated: _____.

_____
Signature

_____
Title

_____
Telephone Number

| STATE OF MINNESOTA | DISTRICT COURT |
|---|---|
| COUNTY OF HENNEPIN | FOURTH JUDICIAL DISTRICT |

Richard Enrico,

      Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,

      Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

      Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward Wahl

**Judgment Amount: $3,000,000.00**
**Unpaid Balance: $3,000,000.00**
**Judgment Entered: July 12, 2021**

---

## NON-EARNINGS GARNISHMENT DISCLOSURE FORM

On the _____ day of _____, 201__, the time of service of the Garnishment Summons herein, there was due and owing the Debtor from the third party the following:

(1) Money. Enter on the line below any amounts due and owing the Debtor, except earnings, from the garnishee.

_____

(2) Property. Describe on the line below any personal property, instruments, or papers belonging to the Debtor and in the possession of the garnishee.

_____

(3) Setoff. Enter on the line below the amount of any setoff, defense, lien, or claim which the third party claims against the amount set forth on line (1) above. State the facts by which the setoff, defense, lien, or claim is claimed. (Any indebtedness to a third party incurred by the Debtor within ten days before the receipt of the first execution levy on a debt is void as to the judgment creditor.)

_____
_____
_____

(4) Exemption.  Enter on the line below any amounts or property claimed by the Debtor to be exempt from execution.

_____

_____

(5) Adverse Interest.  Enter on the line below any amounts claimed by other persons by reason of ownership or interest in the Debtor's property.

_____

(6) Enter on the line below the total of lines (3), (4), and (5).

_____

(7) Enter on the line below the difference obtained (never less than zero) when line (6) is subtracted from the amounts on lines (1) and (2).

_____

(8) Enter on the line below 110 percent of the amount of the judgment creditor's claim which remains unpaid.

_____

(9) Enter on the line below the lesser of line (7) and line (8). You are hereby instructed to retain this amount only if it is $10 or more.

_____

## AFFIRMATION

I, _____, (person signing Affirmation) am the Garnishee or I am authorized by the Garnishee to complete this Non-Earnings Disclosure, and have done so truthfully and to the best of my knowledge.

Dated: _____.

_____
Signature

_____
Title

_____
Telephone Number

STATE OF MINNESOTA                                              DISTRICT COURT

COUNTY OF HENNEPIN                                    FOURTH JUDICIAL DISTRICT

Richard Enrico,                                          Court File No. 27-CV-20-5065
                                                                Judge: Edward Wahl
         Plaintiff / Judgment Creditor,

v.
                                                    **Judgment Amount: $3,000,000.00**
AOM Holdings, LLC,                                  **Unpaid Balance: $3,000,000.00**
                                                    **Judgment Entered: July 12, 2021**
         Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

         Garnishee.

---

# EXEMPTION NOTICE

   A Garnishment Summons is being served upon you. Some of your property may be exempt and cannot be garnished. The following is a list of some of the more common exemptions. It is not complete and is subject to section 550.37 of the Minnesota Statutes and other state and federal laws. The dollar amounts contained in this list are subject to the provisions of section 550.37, subdivision 4a, at the time of garnishment. If you have questions about an exemption, you should obtain legal advice.

   (1) a homestead or the proceeds from the sale of a homestead;

   (2) household furniture, appliances, phonographs, radios, and televisions up to a total current value of $5,850;

   (3) a manufactured (mobile) home used as your home;

   (4) one motor vehicle currently worth less than $2,600 after deducting any security interest;

   (5) farm machinery used by an individual principally engaged in farming, or tools, machines, or office furniture used in your business or trade. This exemption is limited to $13,000;

   (6) relief based on need. This includes:

         (i) Minnesota Family Investment Program (MFIP) and Work First Program;

(ii) Medical Assistance (MA);

(iii) General Assistance (GA);

(iv) General Assistance Medical Care (GAMC);

(v) Emergency General Assistance (EGA);

(vi) Minnesota Supplemental AID (MSA);

(vii) MSA-Emergency Assistance (MSA-EA);

(viii) Supplemental Security Income (SSI);

(ix) Energy Assistance; and

(x) Emergency Assistance (EA);

(7) Social Security benefits;

(8) unemployment benefits, workers' compensation, or veteran's benefits;

(9) an accident, disability, or retirement pension or annuity;

(10) life insurance proceeds;

(11) earnings of your minor child; and

(12) money from a claim for damage or destruction of exempt property (such as household goods, farm tools, business equipment, a manufactured (mobile) home, or a car).

# AFFIDAVIT OF SERVICE

STATE OF MINNESOTA   )
                          ) ss
COUNTY OF HENNEPIN   )

         Don Kirkwood, of the City of Minneapolis, County of Hennepin, in the State of Minnesota, being duly sworn, says that on September 3, 2021, he served the following:

1. Garnishment Summons;
2. Non-earnings Disclosure Form and Worksheet (2);
3. Non-earnings Garnishment Exemption Notice; and
4. Affidavit of Service.

on AIG Specialty Insurance Company, by mailing a copy thereof as Certified Mail, return receipt requested, enclosed in an envelope, postage prepaid, and by depositing same in the post office in Minneapolis, Minnesota.



Don Kirkwood

Subscribed and sworn to before me
on September 3, 2021

Notary Public

RENE M NADEAU
NOTARY PUBLIC
MINNESOTA
My Commission Expires Jan. 31, 2025

**BASSFORD REMELE • A PROFESSIONAL ASSOCIATION**

REDACTED

AIG Insurance Company                                  09/03/2021                    15.00

| Invoice Date | Invoice No. | Description | Amount |
|---|---|---|---|
| REDACTED | | Garnishment Summons Fee | 15.00 |

---

HOLD TO LIGHT TO VIEW TRUE WATERMARK IN PAPER    HEAT SENSITIVE RED LOCK DISAPPEARS WHEN HEATED

**BASSFORD REMELE**
A PROFESSIONAL ASSOCIATION
100 SOUTH 5TH STREET, SUITE 1500
MINNEAPOLIS, MN 55402-1254

**BREMER BANK**

REDACTED

REDACTED

REDACTED

SECURED BY
EZSHIELD

Fifteen & No/100 Dollars

| DATE | AMOUNT |
|---|---|
| 09/03/2021 | $15.00 |

PAY
TO THE
ORDER
OF

AIG Insurance Company

REDACTED

TWO SIGNATURES REQUIRED OVER $1,000.00
VOID AFTER 6 MOS.

AUTHORIZED SIGNATURE

Security features. Details on back

REDACTED

Exhibit B



September 22, 2021

Cynthia L. Hegarty
Direct Dial: (612) 604-6570
Direct Fax: (612) 604-6980
chegarty@winthrop.com

**VIA U.S. MAIL**

Mark R. Bradford
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, MN 55402

John Harper III
Joshua A. Hasko
Messerli & Kramer, P.A.
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402

David R. Marshall
Leah C. Janus
Rachel L. Dougherty
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402

AOM Holdings, LLC
16355 36th Avenue North, Suite 700
Plymouth, MN 55446

Re:     *Richard Enrico v. AOM Holdings, LLC* (Court File No. 27-CV-20-5065)
        Garnishee:  AIG Specialty Insurance Company

Dear Parties:

Enclosed and served upon you, please find the following documents:

1.      Non-Earnings Garnishment Disclosure Form; and

2.      Affidavit of Service.

Very truly yours,

WINTHROP & WEINSTINE, P.A.

*/s/Cynthia L. Hegarty*

Cynthia L. Hegarty

Enclosures
22534622v1

STATE OF MINNESOTA

COUNTY OF HENNEPIN

_____

Richard Enrico,
            Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,
            Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,
            Garnishee.
_____

DISTRICT OF MINNESOTA

FOURTH JUDICIAL DISTRICT

Court File No. 27-CV-20-5065
Judge: Edward Wahl

**Judgment Amount: $3,000,000.00**
**Unpaid Balance: $3,000,000.00**
**Judgment Entered: July 12, 2021**

## NON-EARNINGS GARNISHMENT DISCLOSURE FORM

On the 15th day of September, 2021, the time of service of the Garnishment Summons herein, there was due and owing the Debtor from the garnishee the following:

(1)      Money. Enter on the line below any amounts due and owing the Debtor, except earnings, from the garnishee.

There are no amounts due and owing from Garnishee to Debtor. Garnishee and Debtor are parties to a contract of insurance (the "Policy"). The Policy does not provide coverage for the Judgment entered in favor of Judgment Creditor.

(2)      Property. Describe on the line below any personal property, instruments, or papers belonging to the Debtor and in the possession of the garnishee.

None.

(3)      Setoff. Enter on the line below the amount of any setoff, defense, lien, or claim which the third party claims against the amount set forth on lines (1) and (2) above. State the facts by which the setoff, defense, lien, or claim is claimed. (Any indebtedness to a third party incurred by the Debtor within ten days before the receipt of the first execution levy on a debt is void as to the judgment creditor.)

Garnishee has no liability to Judgment Creditor under this garnishment because, among other things: (a) Garnishee had no duty to defend or indemnify its insured, AOM Holdings, LLC (the "Insured") under the Policy for the claims asserted against it by the Judgment Creditor and, thus, no coverage for the Judgment Creditor's claims against the Insured exists; (b) even if there was coverage (and there is not), the Judgment is not valid or enforceable because its terms are not reasonable and prudent, or, if the terms were reasonable and prudent, the Judgment arose from a settlement that did not properly allocate liability among purportedly covered and uncovered claims; (c) the Judgment is not valid or enforceable because it was obtained through fraud or

collusion between the Insured and the Judgment Creditor; and (d) the Judgment is otherwise not valid or enforceable.

(4)     Exemption. Enter on the line below any amounts or property claimed by the Debtor to be exempt from execution.

N/A.

(5)     Adverse Interest. Enter on the line below any amounts claimed by other persons by reason of ownership or interest in the Debtor's property.

None known.

(6)     Enter on the line below the total of lines (3), (4) and (5).

$0.

(7)     Enter on the line below the difference obtained (never less than zero) when line (6) is subtracted from the sum of lines (1) and (2).

$0.

(8)     Enter on the line below 110 percent of the amount of the creditor's claim which remains unpaid.

$3,300,000.00

(9)     Enter on the line below the lesser of line (7) and line (8). You are hereby instructed to retain this amount only if it is $10 or more.

$0.

## AFFIRMATION

I, Henry Nicholls, am the Garnishee or I am authorized by the Garnishee to complete this Non-Earnings Disclosure, and have done so truthfully and to the best of my knowledge.


Dated:        9/22/2021

Henry Nicholls
Assistant General Counsel, Litigation
Financial Lines
American International Group, Inc.
28 Liberty Street, 22nd Floor
New York, NY 10005
Telephone: (212) 458-1493

STATE OF MINNESOTA                         DISTRICT OF MINNESOTA

COUNTY OF HENNEPIN                FOURTH JUDICIAL DISTRICT

---

Court File No. 27-CV-20-5065
Judge: Edward Wahl

Richard Enrico,
        Plaintiff / Judgment Creditor,

v.

**Judgment Amount: $3,000,000.00**
**Unpaid Balance: $3,000,000.00**
AOM Holdings, LLC,
        Defendant / Judgment Debtor,    **Judgment Entered: July 12, 2021**

and

AIG Specialty Insurance Company,
        Garnishee.

---

## AFFIDAVIT OF SERVICE

       I, Theresa N. Cooke, state that I am at least 18 years of age and that on September 22, 2021, I served the paper(s) listed below upon the party or parties listed below by causing a true and correct copy of each document to be placed in an envelope addressed as shown below and by having the envelope(s) deposited, with sufficient postage, in the United States Mail Post Office located in the City of Minneapolis in the State of Minnesota.

     Documents:

     1.     Non-Earnings Garnishment Disclosure Form; and
     2.     Affidavit of Service.

     Parties:

Mark R. Bradford                  John Harper III
Bassford Remele                  Joshua A. Hasko
100 South 5th Street, Suite 1500     Messerli & Kramer, P.A.
Minneapolis, MN 55402            100 South Fifth Street, Suite 1400
                                 Minneapolis, MN 55402


David R. Marshall                 AOM Holdings, LLC
Leah C. Janus                     16355 36th Avenue North, Suite 700
Rachel L. Dougherty             Plymouth, MN 55446
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402

I declare under penalty of perjury that everything that I have stated in this document is true and correct. Minn. Stat. § 358.116.

Dated: September 22, 2021
Hennepin County, Minnesota

/s/Theresa N. Cooke
Legal Administrative Assistant
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Tel: 612-604-6400
Email: tcooke@winthrop.com

22534649v1

2

Exhibit C

Filed in District Court
State of Minnesota
10/12/2021 3:54 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

---

Richard Enrico,

      Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,

      Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

      Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward T. Wahl

**NOTICE OF APPEARANCE
OF COUNSEL**

---

**PLEASE TAKE NOTICE** that Mark R. Bradford and James C. Kovacs of Bassford Remele, A Professional Association, have been retained by and shall appear as counsel of record for and on behalf of Plaintiff / Judgment Creditor Richard Enrico together with John Harper, III, Joshua A. Hasko, and Molly R. Hamilton Cawley in the above-captioned case.

**BASSFORD REMELE**
*A Professional Association*

Dated: October 12, 2021

By _s/ Mark R. Bradford_
Mark R. Bradford (MN #335940)
James C. Kovacs (MN #397536)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com
jkovacs@bassford.com

and

John Harper III (MN #41397)
Joshua A. Hasko (MN #303471)
Molly R. Hamilton Cawley (MN #349781)
**MESSERLI & KRAMER, P.A.**
100 South 5th Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
jharper@messerlikramer.com
jhasko@messerlikramer.com
mhamilton@messerlikramer.com

*Attorneys for Plaintiff / Judgment Creditor
Richard Enrico*

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                              FOURTH JUDICIAL DISTRICT

---

Richard Enrico,                                    Court File No. 27-CV-20-5065
                                                        Judge: Edward T. Wahl
      Plaintiff / Judgment Creditor,

v.
                                              **NOTICE OF MOTION AND MOTION**
AOM Holdings, LLC,

      Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

      Garnishee.

---

TO:    DEFENDANT AND JUDGMENT DEBTOR ABOVE-NAMED AND ITS COUNSEL
        OF RECORD.

        GARNISHEE ABOVE-NAMED AND ITS COUNSEL OF RECORD.

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that Plaintiff and Judgment Creditor, Richard Enrico, by and

through his undersigned counsel, will bring the following motion on for hearing before the

Honorable Edward T. Wahl, Judge of Hennepin County District Court, at a date and time to be

determined.

## MOTION

Plaintiff and Judgment Creditor, Richard Enrico, hereby moves the Court for an Order

making Garnishee AIG Specialty Insurance Company a party to this civil action and granting

Enrico leave to file a supplemental complaint against the Garnishee pursuant to Minn. Stat. §

571.75, Subd. 4.

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

This motion is based upon all of the records, files, and proceedings herein, the legal memoranda filed herewith, the Declaration of Mark R. Bradford and corrresponding exhibits, and the arguments of counsel.

**BASSFORD REMELE**
*A Professional Association*

Dated:  October 12, 2021

By   s/ Mark  R. Bradford
Mark R. Bradford (MN #335940)
James C. Kovacs (MN #397536)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com
jkovacs@bassford.com

John Harper III (MN #41397)
Joshua A. Hasko (MN #303471)
Molly R. Hamilton Cawley (MN #349781)
**MESSERLI & KRAMER, P.A.**
100 South 5th Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
jharper@messerlikramer.com
jhasko@messerlikramer.com
mhamilton@messerlikramer.com

*Attorneys for Plaintiff / Judgment Creditor*
*Richard Enrico*

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Richard Enrico,

      Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,

      Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

      Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward T. Wahl

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF HIS MOTION TO MAKE AIG A PARTY AND FOR LEAVE TO FILE A SUPPLEMENTAL COMPLAINT**

## <u>INTRODUCTION</u>

Richard Enrico is seeking to collect on his three-million-dollar judgment against Defendant, AOM Holdings, LLC. Enrico commenced this action against AOM, alleging that through certain misrepresentations regarding the financial condition of the company, AOM induced Enrico to invest three-million-dollars in the company under the auspice that Enrico would receive quarterly dividends as a return on his investment. No dividends were ever paid. The financial condition of AOM, and its purported ability to perform, were negligently misrepresented, giving rise to damages substantially in excess of $3,000,000.00. Enrico then sued AOM. After AOM's insurer—AIG Specialty Insurance Company—denied coverage, the parties entered into a *Miller-Shugart* settlement.

On September 3, 2021, and pursuant to the terms of the *Miller-Shugart* settlement, Enrico served AIG Specialty Insurance Company with a Garnishment Summons and a Non-Earnings Garnishment Disclosure Form. On September 22, 2021, AIG returned the Disclosure Form,

asserting that "[t]here are no amounts due and owing from Garnishee to Debtor," because AIG's policy "does not provide coverage for the Judgment." (Bradford Dec. Ex. A.)

Under Minn. Stat. § 571.75, subd. 4, when a garnishee denies liability for a judgment, the creditor may move the court for an order making the garnishee a party to the civil action and granting the creditor leave to file a supplemental complaint against the garnishee directly. That is what Enrico seeks to do in this case. Because AIG denies that it is liable to satisfy the judgment entered against its insured, and Enrico has met the minimal burden of demonstrating probable cause—*i.e.*, that it is possible that coverage exists—the Court should grant his motion and issue an Order making AIG a party to this action and granting Mr. Enrico leave to file a supplemental complaint.

## DOCUMENTS RELIED UPON

In support of his motion, Enrico relies upon the pleadings, files, and records herein, as well as the Declaration of Mark R. Bradford ("Bradford Dec."), which contains the following exhibits:

Exhibit A:    AIG's Non-Earnings Garnishment Disclosure Form;

Exhibit B:    Directors & Officers Liability Insurance, Employment Practices Liability Insurance, Fiduciary Liability Insurance (effective 11/08/16-11/08/18);

Exhibit C:    Directors & Officers Liability Insurance, Employment Practices Liability Insurance, Fiduciary Liability Insurance (effective 11/08/18-11/08/20);

Exhibit D:    Correspondence between AOM and AIG relating to the Enrico lawsuit;

Exhibit E:    *Miller-Shugart* Agreement and Stipulation for Entry of Judgment;

Exhibit F:    (Proposed) Supplemental Complaint in Garnishment.

## FACTS

### I.    Background.

Defendant AOM, through a wholly owned subsidiary company, operates a nation-wide advertising, out of home advertising, and digital media business. (Compl., ¶ 5.) In 2016, Enrico

was approached by Tony Jacobson, then CEO of Defendant AOM, about a potential opportunity to loan money to AOM on favorable terms. (*Id.*, ¶ 6.) Ultimately, however, instead of the transaction being designed as a loan from Enrico to AOM, AOM structured the deal so Enrico would receive 3,000 Class B Units, which would entitle Enrico to a 10% annual dividend paid quarterly in cash. 10. (*Id.*, ¶ 9.) Based on various representations, Enrico justifiably believed he was receiving the same benefit (10% interest on his $3 million loan), just through a different means. (*Id.*, ¶ 10.) Two other individuals, Mr. Jacobson and Mr. Ploen, made similar investments. AOM, however, never paid any cash dividends to the Class B Unit holders, nor did AOM repay any of Enrico's principal. (*Id.*, ¶ 21.)

AOM negligently misrepresented information in connection with the sale, as well as in connection with the financial condition of the company prior to closing and the ability to perform. Thus, after independent review of the matter, the parties believed that it was reasonably likely that Mr. Enrico could be awarded damages, prejudgment interest, and taxable costs materially in excess of $3,000,000.00, as a result of AOM's negligent misrepresentation, if Mr. Enrico's claim was submitted to an impartial factfinder, empowered to hear the issue of damages. (*See*, Bradford Dec. Ex E.)

Enrico initiated this lawsuit against AOM by Complaint dated February 27, 2020 (Compl., filed April 1, 2020). A copy of Enrico's complaint against AOM was forwarded to AIG on March 6, 2020. (Bradford Dec. Ex D.) On March 17, 2020, AIG sent a letter to Dale Kopel, Vice President—Finance, of AOM. (*Id.*) In the letter, AIG tacitly acknowledged that, under the terms of its D&O Coverage Section, there was an initial grant of coverage for the allegations contained in the Enrico Complaint. (*Id.*) AIG, however, indicated that it was further investigating whether Exclusion 4(h) was applicable to preclude coverage. (*Id.*) AIG reiterated its coverage position in a

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

letter dated December 7, 2020, stating, "AIG Specialty has reserved the right to contend that Exclusion 4(h) bars coverage," if AIG could establish that the three lawsuits—Enrico, Jacobson, and Ploen—were *not* "instigated and continued independent of, and without the active solicitation, active assistance or active participation of, or intervention of, and Company or any Executive of a Company." (*Id.*) AIG further explained its position that, "if Mr. Jacobson is coordinating his efforts with Mr. Ploen and Mr. Enrico in bringing these three lawsuits, coverage for all of these matters would be precluded by Exclusion 4(h)." (*Id.*)

On June 30, 2021, Mr. Enrico and AOM entered into a *Miller-Shugart* settlement agreement. (Bradford Dec. Ex. E.) The same day, the parties filed a Stipulation for Order for Judgment with the Court. (*Id.*) On July 12, 2021, judgment was entered, but not docketed, in Mr. Enrico's favor, against AOM, in the amount of $3,000,000.00.

## II.  Policy Provisions.

AIG issued two consecutive two-year policies of insurance to AOM that were in effect from November 8, 2016 to November 8, 2020. Both policies provided the following coverage:

\* \* \*

This D&O Coverage Section shall pay the Loss of the Company arising from a:

(i)     Claim made against the Company, or

(ii)    Claim made against an Individual Insured,

For any Wrongful Act, but, in case of Coverage B(ii) above, only when and to the extent that the Company has indemnified the Individual Insured for such Loss. The Insurer shall, in accordance with and subject to Clause 7 of this D&O Coverage Section, advance Defense Costs of such prior to its final disposition.

\* \* \*

The D&O Coverage Section of each policy also included the following exclusion:

\* \* \*

4

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

the Insurer shall not be liable to make any payment for Loss in connection with that portion of any Claim made against an Insured:

(h)     which is brought by or on behalf of a Company or any Executive of a Company; or which is brought by any security holder, creditor or other interest holder of the Company (other than an Employee security holder), whether directly or derivatively, unless such security holder's, creditor's or other interest holder's Claim is instigated and continued independent of, and without the active solicitation, active assistance, or active participation of, or intervention of, any Company or any Executive of a Company; provided, however, this exclusion shall not apply to:

. . .

(iii)    Any Claim brought by any former Executive of a Company who has not served in such capacity for a Company for at least two (2) years prior to such Claim being first made against any person . . . .

(Bradford Dec. Ex. B at 31, 40; Ex. C at 31, 42–43.)

## LEGAL STANDARDS

I.    **Motion to add Garnishee as a party and for leave to file supplemental complaint under Minn. Stat. § 571.75, subd. 4.**

Minnesota courts historically have permitted, and continue to permit, creditors to recover on an insurance policy through garnishment proceedings following a *Miller-Shugart* settlement. *See, e.g.*, *McGlothlin v. Steinmetz,* 751 N.W.2d 75, 79 (Minn. 2008); *Buysse v. Bauman-Furrie Co.,* 448 N.W.2d 865, 870–71 (Minn. 1989).

The purpose of garnishment proceedings is to reach property of a defendant in the hands of a third party (the garnishee) and apply it to satisfy a judgment. *Buysse*, 448 N.W.2d at 870. Garnishment is a statutory remedy that begins with the service of a garnishment summons and continues with the service of a supplemental complaint. *See* Minn. Stat. § 571.72, subd. 2. The garnishment summons is accompanied by a garnishment disclosure form that the garnishee must complete, disclosing whether it is indebted to or holds money or other property owing to the debtor.

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

Minn. Stat. §§ 571.75, subd. 1; 571.78. In cases where the garnishee denies liability, the creditor

may move the court for "for an order making the garnishee a party to the civil action and granting

the creditor leave to file a supplemental complaint against the garnishee and debtor." Minn. Stat.

§ 571.75, subd. 4. "If probable cause is shown, the motion shall be granted." *Id.* When the facts

are not disputed, probable cause is a question of law. *See, e.g.*, *McGlothlin,* 751 N.W.2d at 79–81.

The garnishment statute does not define "probable cause." But the Minnesota Supreme

Court has defined the term to broadly mean "some showing by evidence which fairly and

reasonably tends to show the existence of the facts alleged." *McGlothlin,* 751 N.W.2d at 81

(quoting *Gulbrandsen v. Pelto*, 205 Minn. 607, 287 N.W. 116, 117 (1939)). Because the probable-

cause determination is not a ruling on the merits, but instead a decision as to whether the creditor

may litigate whether the garnishee is liable for the debt, the standard is extremely low: at the

probable-cause stage, Enrico need only show grounds "for believing that [AIG] *might* be held

liable under the policy involved" and that it is "possible that [AIG is] liable for the debt." *Id.*

(emphasis in the original); *see also Poor Richard, Inc. v. Chas Olson & Sons & Wheel Serv.,* 380

N. W.2d 225 (Minn. App. 1986).

## II.     Interpretation of Insurance Policies.

The interpretation of an insurance policy and its application to the facts in a case are

questions of law. *Am. Fam. Ins. Co. v. Walser*, 628 N.W.2d 605, 609 (Minn. 2015). When

construing insurance policies, courts apply general principles of contract interpretation. *Lobeck v.

State Farm Mut. Auto. Ins. Co.*, 582 N.W.2d 246, 249 (Minn. 1998). Specific to the context of

insurance, however, courts are to resolve ambiguous terms against the insurer, and construe such

terms in favor of providing coverage to the insured. *See Engineering & Const. Innovations, Inc. v.

L.H. Bolduc Co., Inc.,* 825 N.W.2d 695 (Minn. 2013). Moreover, "[i]nsurance-exclusion clauses

are strictly interpreted against the insurer. An insurer that denies coverage because of a policy exclusion bears the burden of proving that the exclusion applies." *Minnesota Prop. Ins. v. Slater*, 673 N.W.2d 194, 196 (Minn. Ct. App. 2004).

## ARGUMENT

I. **The court should grant Mr. Enrico's motion because he has established probable cause.**

The statutory procedure for adding a garnishee as a party, and for granting leave to assert a supplemental complaint, is relatively straightforward. Under Minn. Stat. § 571.75, subd. 4, if the garnishee denies liability, then, with a showing of probable cause, the creditor shall be entitled to add the garnishee to the action, and shall be granted leave to file a supplemental complaint. That is what we have in this case.

Mr. Enrico has a $3,000,000.00 judgment against AOM. At all times relevant to this action, AOM was insured by AIG. Mr. Enrico served a Garnishment Summons and Non-earnings Garnishment Disclosure Form on AIG. AIG disclaimed liability by denying coverage.

At this stage, pursuant to Minn. Stat. § 571.75, Mr. Enrico need only show grounds "for believing that [AIG] *might* be held liable under the policy involved" and that it is "possible that [AIG is] liable for the debt," in order for the Court to grant the motion. That is to say, if it is even "possible" that coverage exists, then the Court should grant the present motion, make AIG a party to this action, and grant Mr. Enrico leave to file a supplemental complaint. Here, it is certainly possible—indeed it is *likely*—that AIG's policy provides coverage for the judgment against AOM.

Specifically, in this case, AIG has taken the position that AOM is not covered for Mr. Enrico's claims and resulting judgment based *only* a single policy exclusion: Exclusion 4(h). Importantly, AIG does not dispute that the D&O Coverage Section provides, at least, an initial

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

grant of coverage. Therefore, it will be AIG's burden to establish the factual predicate of the exclusion it has invoked to bar coverage. Coverage will be found if AIG cannot meet its burden.

Exclusion 4(h) has several parts, none of which apply. First, Exclusion 4(h) excludes coverage for claims which are "brought by or on behalf of a Company or any Executive of a Company." (Bradford Dec. Ex. B at 4; Ex. C at 42–43.) Enrico is not, and never has been, an executive of AOM, and AOM has never contended that he is.

Second, Exclusion 4(h) excludes coverage for claims "brought by any security holder, creditor or other interest holder of the Company (other than an Employee security holder), whether directly or derivatively, *unless* such security holder's, creditor's or other interest holder's Claim is instigated and continued *independent* of, and without the active solicitation, active assistance, or active participation of, or intervention of, any Company or any Executive of a Company." (*Id.*) (emphasis added). At worst, then, the policy does not cover claims that are brought with the assistance of, or in coordination with, AOM or its executives. This exclusion *does not* exclude coverage for claims that are brought independently by a claimant, such as Enrico, without any assistance or coordination from AOM.

Mr. Enrico is the sole Plaintiff in this case. His case is not tied to Jacobson or Ploen's claims. AIG's contention that these three separate plaintiffs were coordinating their efforts is highly speculative, vehemently disputed, and at worst creates only a question of fact as to coverage—an issue on which AIG will bear the burden of proof. Thus, AIG cannot contend at this stage that Exclusion 4(h) applies as a matter of law. Indeed, its application is questioned and disputed. It is certainly possible (indeed *likely*) that the exclusion does not apply.

Finally, the exclusion further provides that it shall *not* apply to: "[a]ny Claim brought by any former Executive of a Company who has not served in such capacity for a Company for at

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

least two (2) years prior to such Claim being first made against any person." (*Id.*) Based upon this exception to the exclusion, even if Mr. Enrico were coordinating his case with Jacobson and/or Ploen—which, again, is highly disputed—then there would be a fact question as to when those individuals were last considered executives at AOM. If they had not been executives for two years prior to Mr. Enrico's Complaint, then Exclusion 4(h) would be entirely inapplicable. This is another "possible" avenue for coverage, which produces probable cause to grant the present motion at this stage.

## CONCLUSION

Mr. Enrico has a judgment against AOM for $3,000,000.00. AIG disputes that it must indemnify its insured for the judgment. It will be AIG's burden to establish the applicability of Exclusion 4(h) to preclude coverage. At this point, probable cause exists that AOM may be covered for the judgment, that AIG will ultimately be responsible for the judgment. AIG does not dispute that coverage is available under the D&O Coverage Section but has instead invoked a fact-dependent exclusion. This gives rise to probable cause that coverage may exist. Thus, pursuant to Minn. Stat. § 571.75, Subd. 4, the Court should grant Mr. Enrico's motion, make AIG a party to this action, and grant Mr. Enrico leave to file a supplemental complaint.

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

Respectfully submitted,

**BASSFORD REMELE**
*A Professional Association*

Dated: October 12, 2021

By_s/ Mark R. Bradford
Mark R. Bradford (MN #335940)
James C. Kovacs (MN #397536)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com
jkovacs@bassford.com

John Harper III (MN #41397)
Joshua A. Hasko (MN #303471)
Molly R. Hamilton Cawley (MN #349781)
**MESSERLI & KRAMER, P.A.**
100 South 5th Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
jharper@messerlikramer.com
jhasko@messerlikramer.com
mhamilton@messerlikramer.com

*Attorneys for Plaintiff / Judgment Creditor*
*Richard Enrico*

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA                              DISTRICT COURT

COUNTY OF HENNEPIN                        FOURTH JUDICIAL DISTRICT

---

Richard Enrico,                                    Court File No. 27-CV-20-5065
                                                         Judge: Edward T. Wahl
      Plaintiff / Judgment Creditor,

v.                                                        **DECLARATION OF**
                                                           **MARK R. BRADFORD**
AOM Holdings, LLC,

      Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

      Garnishee.

---

      MARK R. BRADFORD, being first duly sworn, states and declares as follows:

      1.     I am one of the attorneys representing the Plaintiff and Judgment Creditor, Richard Enrico, in this matter. I submit this Declaration in support of Mr. Enrico's Motion for Leave to Make AIG a Party and to File a Supplemental Complaint.

      2.     Attached hereto as Exhibit A is a true and correct copy of AIG's Non-Earnings Garnishment Disclosure Form.

      3.     Attached hereto as Exhibit B is a true and correct copy of the following policy: Directors & Officers Liability Insurance, Employment Practices Liability Insurance, Fiduciary Liability Insurance (effective 11/08/16-11/08/18). This policy is being filed under seal because AOM produced it as "confidential" under the Protective Order in this case.

      4.     Attached hereto as Exhibit C is a true and correct copy of the following policy: Directors & Officers Liability Insurance, Employment Practices Liability Insurance, Fiduciary

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

Liability Insurance (effective 11/08/18-11/08/20). This policy is being filed under seal because AOM produced it as "confidential" under the Protective Order in this case.

5.      Collectively attached hereto as Exhibit D are true and correct copies of correspondence exchanged between AOM and AIG related to Mr. Enrico's lawsuit. This correspondence is being filed as confidential because AOM produced it as "confidential" under the Protective Order in this case.

6.      Attached hereto as Exhibit E is a true and correct copy of the Miller-Shugart Agreement and Stipulation for Entry of Judgment entered into between Mr. Enrico and AOM. This Agreement and Stipulation is being filed under seal because it is "confidential," pursuant to the terms of the Agreement.

7.      Attached hereto as Exhibit F is a true and correct copy of Mr. Enrico's proposed Supplemental Complaint in Garnishment.

THIS IS THE END OF MY DECLARATION.


Dated: October 12, 2021                              By:   s/ Mark R. Bradford
                                                            Mark R. Bradford (#335940)

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

# EXHIBIT A

# TO DECLARATION OF MARK R. BRADFORD
# IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
# TO MAKE AIG A PARTY AND TO FILE A
# SUPPLEMENTAL COMPLAINT

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT OF MINNESOTA

FOURTH JUDICIAL DISTRICT

---

Richard Enrico,
         Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,
         Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,
         Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward Wahl

**Judgment Amount: $3,000,000.00**
**Unpaid Balance: $3,000,000.00**
**Judgment Entered: July 12, 2021**

---

## NON-EARNINGS GARNISHMENT DISCLOSURE FORM

On the 15th day of September, 2021, the time of service of the Garnishment Summons herein, there was due and owing the Debtor from the garnishee the following:

(1)      Money. Enter on the line below any amounts due and owing the Debtor, except earnings, from the garnishee.

There are no amounts due and owing from Garnishee to Debtor. Garnishee and Debtor are parties to a contract of insurance (the "Policy"). The Policy does not provide coverage for the Judgment entered in favor of Judgment Creditor.

(2)      Property. Describe on the line below any personal property, instruments, or papers belonging to the Debtor and in the possession of the garnishee.

None.

(3)      Setoff. Enter on the line below the amount of any setoff, defense, lien, or claim which the third party claims against the amount set forth on lines (1) and (2) above. State the facts by which the setoff, defense, lien, or claim is claimed. (Any indebtedness to a third party incurred by the Debtor within ten days before the receipt of the first execution levy on a debt is void as to the judgment creditor.)

Garnishee has no liability to Judgment Creditor under this garnishment because, among other things: (a) Garnishee had no duty to defend or indemnify its insured, AOM Holdings, LLC (the "Insured") under the Policy for the claims asserted against it by the Judgment Creditor and, thus, no coverage for the Judgment Creditor's claims against the Insured exists; (b) even if there was coverage (and there is not), the Judgment is not valid or enforceable because its terms are not reasonable and prudent, or, if the terms were reasonable and prudent, the Judgment arose from a settlement that did not properly allocate liability among purportedly covered and uncovered claims; (c) the Judgment is not valid or enforceable because it was obtained through fraud or


EXHIBIT
A

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

collusion between the Insured and the Judgment Creditor;  and (d) the Judgment is otherwise not valid or enforceable.

(4)     Exemption. Enter on the line below any amounts or property claimed by the Debtor to be exempt from execution.

N/A.

(5)     Adverse Interest. Enter on the line below any amounts claimed by other persons by reason of ownership or interest in the Debtor's property.

None known.

(6)     Enter on the line below the total of lines (3), (4) and (5).

$0.

(7)     Enter on the line below the difference obtained (never less than zero) when line (6) is subtracted from the sum of lines (1) and (2).

$0.

(8)     Enter on the line below 110 percent of the amount of the creditor's claim which remains unpaid.

$3,300,000.00

(9)     Enter on the line below the lesser of line (7) and line (8). You are hereby instructed to retain this amount only if it is $10 or more.

$0.

## AFFIRMATION

I, Henry Nicholls, am the Garnishee or I am authorized by the Garnishee to complete this Non-Earnings Disclosure, and have done so truthfully and to the best of my knowledge.


Dated:      9/22/2021

Henry Nicholls
Assistant General Counsel, Litigation
Financial Lines
American International Group, Inc.
28 Liberty Street, 22nd Floor
New York, NY 10005
Telephone: (212) 458-1493

22490438v3

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT OF MINNESOTA

FOURTH JUDICIAL DISTRICT

Court File No. 27-CV-20-5065
Judge: Edward Wahl

Richard Enrico,
        Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,
        Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,
        Garnishee.

**Judgment Amount: $3,000,000.00**
**Unpaid Balance: $3,000,000.00**
**Judgment Entered: July 12, 2021**

## AFFIDAVIT OF SERVICE

I, Theresa N. Cooke, state that I am at least 18 years of age and that on September 22, 2021, I served the paper(s) listed below upon the party or parties listed below by causing a true and correct copy of each document to be placed in an envelope addressed as shown below and by having the envelope(s) deposited, with sufficient postage, in the United States Mail Post Office located in the City of Minneapolis in the State of Minnesota.

Documents:

1.      Non-Earnings Garnishment Disclosure Form; and
2.      Affidavit of Service.

Parties:

Mark R. Bradford
Bassford Remele
100 South 5th Street, Suite 1500
Minneapolis, MN 55402

John Harper III
Joshua A. Hasko
Messerli & Kramer, P.A.
100 South Fifth Street, Suite 1400
Minneapolis, MN 55402

David R. Marshall
Leah C. Janus
Rachel L. Dougherty
Fredrikson & Byron, P.A.
200 South Sixth Street, Suite 4000
Minneapolis, MN 55402

AOM Holdings, LLC
16355 36th Avenue North, Suite 700
Plymouth, MN 55446

I declare under penalty of perjury that everything that I have stated in this document is true and correct. Minn. Stat. § 358.116.

Dated: September 22, 2021
Hennepin County, Minnesota

/s/Theresa N. Cooke
Legal Administrative Assistant
Winthrop & Weinstine, P.A.
225 South Sixth Street, Suite 3500
Minneapolis, MN 55402
Tel: 612-604-6400
Email: tcooke@winthrop.com

22534649v1

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

# EXHIBIT F

# TO DECLARATION OF MARK R. BRADFORD
# IN SUPPORT OF PLAINTIFF'S MOTION FOR LEAVE
# TO MAKE AIG A PARTY AND TO FILE A
# SUPPLEMENTAL COMPLAINT

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

STATE OF MINNESOTA

COUNTY OF HENNEPIN

DISTRICT COURT

FOURTH JUDICIAL DISTRICT

Richard Enrico,

       Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,

       Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

       Garnishee.

Court File No. 27-CV-20-5065
Judge: Edward T. Wahl

**SUPPLEMENTAL COMPLAINT
IN GARNISHMENT**

---

Plaintiff and Judgment Creditor, Richard Enrico ("Enrico"), as and for his Supplemental Complaint in Garnishment against Garnishee AIG Insurance Company ("AIG), hereby states and alleges as follows:

## **PARTIES**

1.    Enrico is the Creditor in this matter. Enrico is an individual who resides in Hennepin County, Minnesota.

2.    AOM Holdings, LLC ("AOM") is the Debtor in this matter. AOM is a limited-liability company established under Minnesota law. AOM's principal business address is:

       16355 36th Avenue North
       Suite 700
       Plymouth, MN 55446

3.    AIG is a Garnishee in this matter. Upon information and belief, AIG's principal business address is:



EXHIBIT

**F**

175 Water Street
New York, NY 10038

## **FACTUAL BACKGROUND**

4.        On February 28, 2020, Enrico commenced a lawsuit against AOM in Hennepin County District Court, Fourth Judicial District, State of Minnesota, captioned *Richard Enrico v. AOM Holdings, LLC*, Court File No. 27-CV-20-5065 ("the Lawsuit"). Enrico alleged in the Lawsuit that AOM negligently misrepresented certain information in connection with the sale of Class B Units to Enrico.

5.        Enrico sought damages in the Lawsuit that included compensatory damages, applicable interest, costs, and attorneys' fees substantially in excess of $3,000,000.00.

6.        AIG insured AOM under consecutive two-year "Directors, Officers and Private Company Liability Insurance" policies in effect from November 8, 2016 to November 8, 2020 ("the AIG Policies").

7.        The AIG Policies, by their terms, provided coverage to indemnify AOM from and against any claim made against AOM for damages arising out of "any actual alleged act, breach of duty, neglect, error, misstatement, misleading statement, or omission" by AOM.

8.        The indemnity provisions in the AIG Policies apply to (and cover) the claims asserted against AOM in the Lawsuit.

9.        The AIG Policies also state that AIG "shall, in accordance with and subject to Clause 7 of this D&O Coverage Section, advance Defense Costs of such Claim prior to its final disposition."

10.        AOM tendered Enrico's claims in the Lawsuit to AIG and sought coverage from AIG in a timely fashion.

2

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

11.     AIG refused to advance defense costs to AOM, refused to agree to indemnify AOM for the claims asserted in the Lawsuit, and refused to participate in settlement negotiations on behalf of AOM. Instead, AIG denied coverage to AOM for the claims asserted in the Lawsuit.

12.     Despite repeated requests AOM made to AIG to reconsider its position, AIG refused and reaffirmed its coverage denial.

13.     After several months of litigation, Enrico and AIG agreed to settle the Lawsuit pursuant to the principles articulated in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982) and its progeny. The parties entered into a *Miller-Shugart* settlement agreement on June 30, 2021, pursuant to which AOM stipulated to the entry of judgment against it in the amount of $3,000,000.00.

14.     The *Miller-Shugart* settlement specified that AOM "has agreed to accept the Judgment in the sum of $3,000,000.00 as a good-faith assessment of the liability and damage claims of Plaintiff for his negligent misrepresentation cause of action."

15.     On July 8, 2021, the Court entered judgment against AOM in the amount of $3,000,000.00 pursuant to the *Miller-Shugart* settlement agreement.

## COUNT I

### (Versus AIG for Amount of Underlying Judgment Plus Interest)

16.     Enrico incorporates the allegations set forth in Paragraphs 1 through 15, inclusive, as though fully set forth herein.

17.     The negligent misrepresentation cause of action Enrico asserted against AOM in the Lawsuit—and the corresponding judgment entered against AOM on that claim—is covered under the AIG Policies.

18.     No exclusions in the AIG Policies preclude coverage.

3

Filed in District Court
State of Minnesota
10/12/2021 4:12 PM

19. The *Miller-Shugart* settlement agreement was a reasonable resolution of the negligent-misrepresentation claim asserted in the Lawsuit.

20. AIG is therefore liable, as garnishee, to pay the full amount of the judgment entered against its insured, AOM, in the underlying litigation, plus accrued interest.

WHEREFORE Plaintiff and Judgment Creditor Richard Enrico prays for a judgment against AIG Specialty Insurance Company as follows:

1. For $3,000,000.00 plus accrued interest; and

2. For such other and further relief as the Court deems just and proper under the facts, circumstances, and law.

## **ACKNOWLEDGEMENT**

The party upon whose behalf this pleading is submitted, by and through the undersigned, hereby acknowledges that sanctions may be imposed for a violation of Minn. Stat. § 549.211.

4

**BASSFORD REMELE**
*A Professional Association*

Dated: _____

By_____
Mark R. Bradford (MN #335940)
James C. Kovacs (MN #397536)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com
jkovacs@bassford.com

John Harper III (MN #41397)
Joshua A. Hasko (MN #303471)
Molly R. Hamilton Cawley (MN #349781)
**MESSERLI & KRAMER, P.A.**
100 South 5th Street, Suite 1400
Minneapolis, MN 55402
Telephone: (612) 672-3600
jharper@messerlikramer.com
jhasko@messerlikramer.com
mhamilton@messerlikramer.com

*Attorneys for Plaintiff / Judgment Creditor
Richard Enrico*

5

STATE OF MINNESOTA                                      DISTRICT COURT

COUNTY OF HENNEPIN                          FOURTH JUDICIAL DISTRICT

---

Richard Enrico,                                         Court File No. 27-CV-20-5065
                                                                    Judge: Edward T. Wahl
          Plaintiff / Judgment Creditor,

v.

AOM Holdings, LLC,                                      **[PROPOSED]**
                                                                    **ORDER**
          Defendant / Judgment Debtor,

and

AIG Specialty Insurance Company,

          Garnishee.

---

The above-captioned matter came before the Honorable Edward Wahl, Judge of Hennepin

County District Court, on Plaintiff / Judgment Creditor Richard Enrico's motion, pursuant to Minn.

Stat. § 571.75, Subd. 4, to make AIG Specialty Insurance Company a party to this matter, and for

leave to file a Supplemental Complaint.  Appearances were noted on the record.

Now, therefore, based upon all the files, records, and proceedings herein, the Court makes

the following:

### <u>ORDER</u>

1.  Plaintiff / Judgment Creditor Richard Enrico's motion is **GRANTED**;

2.  Pursuant to Minn. Stat. § 571.75, Subd. 4, AIG Specialty Insurance Company is made a
    party to this action;

3.  Plaintiff / Judgment Creditor Richard Enrico is hereby granted leave to file a Supplemental
    Complaint.

BY THE COURT:

_____