UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Richard Enrico, | Case No.: 21-cv-2264 (PJS/JFD) |
| Plaintiff, | |
| vs. | |
| AIG Specialty Insurance Company, | |
| Defendant. | |

**SUPPLEMENTAL COMPLAINT
IN GARNISHMENT**

___

Plaintiff Richard Enrico ("Enrico"), as and for his Supplemental Complaint in Garnishment against AIG Specialty Insurance Company ("AIG"), states and alleges as follows:

**PARTIES**

1. Enrico is an individual who resides in Hennepin County, Minnesota. Through this lawsuit, Enrico seeks to enforce a *Miller-Shugart* settlement agreement against AIG.

2. AIG is incorporated in Illinois. AIG maintains its principal place of business in New York.

**SUBJECT-MATTER JURISDICTION**

3. This Court has subject-matter jurisdiction over Enrico's state-law claim pursuant to 28 U.S.C. § 1332(a) because the amount in controversy exceeds $75,000

exclusive of interests and costs, and the parties are citizens of different States. In particular, Enrico, a citizen of Minnesota, seeks to enforce a *Miller-Shugart* settlement agreement against AIG, a citizen of both New York and Illinois. The amount of the settlement exceeds $75,000.

4. This action is one for garnishment and is not a direct action under 28 U.S.C. § 1332(c)(1). *See Russell v. Liberty Ins. Underwriters, Inc.*, 950 F.3d 997, 1002 (8th Cir. 2020) (holding section 1332(c)(1) refers to a lawsuit in which " 'the plaintiff sues a wrongdoer's liability insurer without joining or first obtaining a judgment against the insured.' ") (quoting *Gateway Residences at Exch., LLC v. Ill. Union Ins. Co.*. 917 F.3d 269, 272 (4th Cir. 2019)). Enrico previously obtained a judgment against AIG's insured, AOM Holdings, LLC.

## FACTUAL BACKGROUND

5. On February 28, 2020, Enrico commenced a lawsuit against AOM in Hennepin County District Court, Fourth Judicial District, State of Minnesota, captioned *Richard Enrico v. AOM Holdings, LLC*, Court File No. 27-CV-20-5065 ("the Lawsuit"). Enrico alleged in the Lawsuit that AOM negligently misrepresented information in connection with the sale of Class B Units to Enrico.

6. Enrico sought damages in the Lawsuit that included compensatory damages, interest, costs, and attorney fees.

7. AIG insured AOM under consecutive, two-year "Directors, Officers and Private Company Liability Insurance" policies in effect from November 8, 2016 to November 8, 2020 ("the AIG Policies").

8. The AIG policies, by their terms, provided coverage to indemnify AOM against any claim for damages arising out of "any actual alleged act, breach of duty, neglect, error, misstatement, misleading statement, or omission" by AOM.

9. The indemnity provisions in the AIG Policies apply to (and cover) the claims Enrico asserted against AOM in the Lawsuit.

10. The AIG Policies further state that AIG "shall, in accordance with and subject to Clause 7 of this D&O Coverage Section, advance Defendants Costs of such Claim prior to its final disposition."

11. AOM tendered Enrico's claims to AIG and sought coverage from AIG against the claims Enrico asserted in the Lawsuit.

12. Despite AOM's timely tender, AIG refused to advance defense costs to AOM, refused to agree to indemnify AOM for the claims asserted in the Lawsuit, and refused to participate in settlement negotiations on behalf of AOM. AIG denied AOM coverage for the claims Enrico asserted in the Lawsuit, relying exclusively on an inapplicable insured-versus-insured exclusion.

13. AOM repeatedly asked AIG to reconsider its coverage position. AIG refused and instead reaffirmed its coverage denial.

14. After several months of litigation, Enrico and AOM agreed to settle the Lawsuit pursuant to the principles articulated in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982), and its progeny. The parties entered into a *Miller-Shugart* settlement agreement on June 30, 2021, pursuant to which AOM stipulated to entry of judgment against it in a fixed amount.

15. The *Miller-Shugart* agreement specified, among other things, that AOM agreed to accept the judgment amount "as a good-faith assessment of the liability and damage claims of Plaintiff for his negligent misrepresentation cause of action."

16. The *Miller-Shugart* agreement specified that Enrico could enforce the judgment against AOM's insurer—AIG—to the extent of available liability coverage pursuant to the general principles articulated in *Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982), and its progeny.

17. On or about September 22, 2021, AIG provided Enrico with a Non-Earnings Disclosure Form. AIG repeated its coverage denial and stated that the AIG Policies "do[] not provide coverage for the Judgment entered in favor of Judgment Creditor [Enrico]."

18. Enrico filed in state court a Motion for Leave to File a Supplemental Complaint in Garnishment against AIG. In response, AIG removed the case to federal court. AIG then stipulated that Enrico could file this Supplemental Complaint in Garnishment without leave of court.

## COUNT I
**(Versus AIG for Amount of Underlying Judgment Plus Interest)**

19. Enrico incorporates the allegations set forth in Paragraphs 1 through 18, inclusive, as though fully set forth herein.

20. The negligent-misrepresentation cause of action Enrico asserted against AOM in the Lawsuit is covered under the AIG Policies.

21. The settlement and corresponding judgment amount entered against AOM on Enrico's negligent-misrepresentation cause of action are covered under the AIG Policies.

22. The exclusion AIG invoked to deny coverage does not apply and does not preclude coverage.

23. The *Miller-Shugart* settlement agreement was a reasonable resolution of the negligent-misrepresentation cause of action Enrico asserted against AOM in the Lawsuit.

24. The amount of the *Miller-Shugart* settlement is reasonable.

25. AIG is liable, as garnishee, to pay the full amount of the judgment entered against its insured, AOM, in the underlying litigation, plus accrued interests and costs. *See* Minn. Stat. § 571.75, subd. 4; *Miller*, 316 N.W.2d at 736.

WHEREFORE Plaintiff Richard Enrico prays for the below relief against AIG Specialty Insurance Company:

1. For a declaration that the AIG Policies provide coverage for the full amount of the *Miller-Shugart* settlement and corresponding judgment entered against AOM;

2. For a money judgment against AIG in the amount of the judgment entered against AOM pursuant to the *Miller-Shugart* settlement, plus accrued interest and costs incurred in this litigation; and

3. For such other and further relief as the Court deems just and proper under the facts, circumstances, and law.

**BASSFORD REMELE**
*A Professional Association*

Dated:  November 8, 2021          By   s/ Mark R. Bradford
Mark R. Bradford (MN #335940)
James C. Kovacs (MN #397536)
100 South 5th Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 333-3000
mbradford@bassford.com
jkovacs@bassford.com

*Attorneys for Plaintiff Richard Enrico*