UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| MARK PLOEN, | Case No. 21-CV-2248 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| AIG SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

---

| | |
|---|---|
| RICHARD ENRICO, | Case No. 21-CV-2264 (PJS/JFD) |
| Plaintiff, | |
| v. | ORDER |
| AIG SPECIALTY INSURANCE COMPANY, | |
| Defendant. | |

---

This matter is before the Court on the objection of defendant AIG Specialty Insurance Company ("AIG") to the June 21, 2022 order of Magistrate Judge John F. Docherty denying in part AIG's motion to compel discovery. Judge Docherty denied AIG's motion to compel production of certain communications, but granted AIG's alternative request for privilege logs.

A magistrate judge's ruling on nondispositive pretrial matters may be reversed only if it is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ.

P. 72(a). As Judge Docherty's denial of AIG's motion to compel is neither clearly erroneous nor contrary to law, AIG's objection is overruled.

## I. BACKGROUND

Plaintiffs Mark Ploen and Richard Enrico brought state-court lawsuits against non-party AOM Holdings, LLC ("AOM") concerning $3 million investments (or loans) that each made in AOM. The parties settled these cases by entering into *Miller-Shugart* agreements under which AOM paid each plaintiff $250,000 and stipulated to the entry of a $3 million judgment in favor of each plaintiff. *See Miller v. Shugart*, 316 N.W.2d 729 (Minn. 1982).

Non-party Tony Jacobson, a friend of Ploen's and Enrico's who was then serving as CEO of AOM, made a similar $3 million investment and later brought a similar state-court lawsuit against AOM. In that case, the district court granted summary judgment to AOM, and its judgment was recently affirmed on appeal. *See Jacobson v. AOM Holdings, LLC*, No. A21-1707, 2022 WL 3022376, at *1 (Minn. Ct. App. Aug. 1, 2022).

After settling with AOM, Ploen and Enrico brought these actions seeking to force AOM's insurer (AIG) to pay the two $3 million judgments that had been entered against AOM. AIG contends that the *Miller-Shugart* settlements are unenforceable against it because they are unreasonable and collusive. *See King's Cove Marina, LLC v. Lambert Com. Constr. LLC*, 958 N.W.2d 310, 321 (Minn. 2021) ("A *Miller-Shugart* settlement

agreement is enforceable against the insurer if . . . the settlement is reasonable and not the product of fraud or collusion."). AIG further contends that coverage is excluded under Exclusion 4(h) of AOM's insurance policy, which, roughly speaking, excludes coverage for a claim of an AOM creditor if an AOM executive assisted that creditor in bringing or prosecuting the claim. AIG alleges that Jacobson (by then no longer associated with AOM) assisted Ploen and Enrico with their lawsuits.

## II.  ANALYSIS

AIG has already obtained significant discovery concerning Ploen's, Enrico's, and Jacobson's state-court lawsuits against AOM. The parties' dispute centers around three remaining categories of documents that AIG sought from Ploen, Enrico, Jacobson, their respective state-court counsel, and AOM's state-court counsel (Fredrikson & Byron ("Fredrikson")): (1) communications between counsel for Ploen and counsel for Enrico; (2) attorney billing invoices that describe communications between or among counsel for Enrico, Ploen, Jacobson, and AOM; and (3) the mediation statement and mediation-related communications among counsel involved in settling the state-court cases. As noted, Judge Docherty denied AIG's motion to compel production of these materials, but granted AIG's alternative request for privilege logs.

AIG raises several objections to Judge Docherty's ruling. So far as the Court can tell, however, AIG does not actually seek to have this Court compel the production of

any of the materials that it sought in its motion to compel. Instead, AIG appears to be asking this Court to correct what it views as erroneous statements of law in Judge Docherty's order. As explained below, even if AIG is correct about the legal issues it raises, that fact would not result in this Court compelling production of any of the discovery denied by Judge Docherty. Consequently, AIG cannot show that Judge Docherty's denial of its motion to compel was either clearly erroneous or contrary to law.

AIG first objects to Judge Docherty's denial of its motion to compel with respect to the subpoenas that it issued to Fredrikson. As noted, Fredrikson defended AOM in the underlying cases and also represents AOM in a pending coverage action that AOM filed against AIG in state court. At the hearing, Judge Docherty denied AIG's motion as to Fredrikson on the basis that, instead of issuing subpoenas to Fredrikson, AIG should have sought discovery only from AOM (Fredrikson's client), and should have done so only in the pending state-court coverage action. *See* Fed. R. Civ. P. 45(d)(1) (requiring counsel to take reasonable steps to avoid imposing undue burden or expense on a person subject to a subpoena).

In his written order, however, Judge Docherty identified additional reasons why AIG is not entitled to discovery from Fredrikson, including that (1) compelling the production of Fredrikson's invoices would be burdensome, duplicative, and

unnecessary; (2) portions of the invoices are privileged; and (3) AOM has already agreed to produce all mediation-related communications between Fredrikson and Ploen's and Enrico's counsel. ECF No. 48 at 14–15.[1] So far as the Court can tell, these rulings independently justify Judge Docherty's denial of AIG's motion with respect to Fredrikson. As AIG did not object to these additional reasons for denying its motion, the Court need not rule on whether Judge Docherty was correct in holding that AIG was required to seek discovery only from AOM in the state-court action.[2]

AIG next objects to Judge Docherty's conclusion that communications between counsel for Ploen and Enrico about the settlement process and the strengths and weaknesses of the state-court cases are not relevant to determining the reasonableness of the settlements. *See* ECF No. 48 at 7. AIG contends that this is incorrect as a matter of law.

The Court agrees with AIG about the law. The fact that the reasonableness of a *Miller-Shugart* settlement is assessed objectively means that the subjective views of the attorneys involved in the underlying litigation are not *determinative*, but it does not

---

[1]Unless otherwise noted, the Court's docket citations refer to documents filed in Case No. 21-CV-2248 (PJS/JFD).

[2]Fredrikson argues that AIG's objection to Judge Docherty's oral ruling is untimely. Because Judge Docherty's written order provides additional reasons for denying AIG's motion as to Fredrikson, however, the Court deems AIG's objection to be timely.

mean that those views are not *relevant*.  The attorneys in the underlying action were (presumably) well informed about that action and they are (presumably) reasonable people, and thus what *they* thought about the reasonableness of the settlement is relevant in determining what a *reasonable person* would think of the reasonableness of the settlement.  *See King's Cove Marina*, 958 N.W.2d at 324 (noting that evidence of how the parties and their attorneys evaluated the claims at the time of settlement may be relevant in determining the objective reasonableness of the parties' settlement allocation).

That said, the fact that Judge Docherty misstated the law does not mean that he erred in denying AIG's motion to compel.  Judge Docherty ultimately denied AIG's motion to compel production of the attorney communications on the ground that, even if they were relevant (as this Court has now held), they are nonetheless protected by the work-product privilege.  ECF No. 48 at 8 ("But even though some of the requested attorney communications are relevant and proportional, the Court finds they contain protected work product.").  AIG did not object to this conclusion, and thus its objection to Judge Docherty's ruling is overruled.

AIG next objects to Judge Docherty's conclusion that various communications are protected by Minn. Stat. § 595.02, subd. 1(m), or the common-interest doctrine.  AIG does not seek to overturn Judge Docherty's denial of its motion to compel production of

these materials, but objects to these rulings "to the extent they may enable [plaintiffs] to use these alleged privileges as both a shield and a sword in these cases." ECF No. 49 at 13 n.5. This is not a cognizable objection to Judge Docherty's order; this Court has no idea what AIG is asking this Court to do with respect to Judge Docherty's rulings, and thus denies its objection.

Finally, AIG objects to Judge Docherty's decision to entertain the possibility of awarding fees to Fredrikson, Jacobson, and Kutak Rock (Jacobson's counsel). Again, this is not a proper objection. Judge Docherty has now granted the motions of Fredrikson, Jacobson, and Kutak Rock. ECF No. 82. If AIG believes Judge Docherty erred, AIG can file a timely objection to that order.

For its part, Fredrikson requests an award of the fees that it incurred in responding to AIG's objection. Fredrikson argues that, under Fed. R. Civ. P. 45(d)(1), the Court is required to impose a sanction on a party or attorney who unreasonably imposes an undue burden or expense on a person subject to a subpoena. *See id.* ("The court . . . must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply."). With respect to the issue of whether AIG should be sanctioned for *objecting* to Judge Docherty's ruling, this Court's decision is, of course, de novo.

The Court declines to award fees to Fredrikson. The root of Fredrikson's argument that AIG violated Rule 45(d)(1) is its contention that AIG should have sought discovery only from AOM and only in the state-court coverage action. While it is possible that, under the circumstances of this case, AIG's attempt to subpoena materials from Fredrikson constitutes a violation of Rule 45(d)(1)—an issue that the Court need not and does not resolve at this time—the Court does not believe that it was unreasonable of AIG to attempt to obtain a *review* of Judge Docherty's ruling.

The cases upon which Fredrikson relies involve parties who subpoenaed non-parties rather than seeking discovery from another party in the case in which the discovery was sought. *See, e.g.*, *Gen. Parts Distrib., LLC v. Perry*, No. 12-MC-93 (SRN/SER), 2013 WL 3223374, at *4 (D. Minn. June 25, 2013) ("it may be appropriate to prohibit a party from obtaining discovery from a non-party if that same discovery is available from another party to the litigation"). Unlike in those cases, however, the entity from whom Fredrikson contends AIG should seek discovery is not a party to *these* (federal) cases. Moreover, while AOM is a party to a lawsuit involving AIG, that lawsuit is pending in state court and, unlike this case, that lawsuit does not involve the question of whether the *Miller-Shugart* settlements are enforceable. In other words, the scope of the state-court action is substantially narrower than the scope of this action,

and thus materials that are not discoverable in the state-court action might be discoverable in this action.

Under the circumstances, AIG had at least a colorable argument that it was not unreasonable for it to seek discovery in this federal case under the federal rules instead of being forced to settle for whatever discovery it might obtain from AOM in the state case under the state rules. Fredrikson's request for fees is therefore denied.

ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY ORDERED THAT defendant's objection [ECF No. 49 in 21-CV-2248, ECF No. 52 in 21-CV-2264] to the June 21, 2022 order of Judge Docherty [ECF No. 48 in 21-CV-2248, ECF No. 49 in 21-CV-2264] is OVERRULED and the order is AFFIRMED.

Dated: September 27, 2022         s/Patrick J. Schiltz
                                  Patrick J. Schiltz, Chief Judge
                                  United States District Court